Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1129 | **DATE** | March 25, 2011 |
| **CASE TITLE** | Kendall Bowman (R-18035) vs. John Doe, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's declaration [3] is construed as a motion to proceed *in forma pauperis* and is granted. The inmate trust fund accounts officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. Plaintiff may proceed against Cook County Jail Sergeant Collins, Officer Hand, and Officer Stuffen. The clerk shall issue summonses for service of the complaint through the U.S. Marshal on these Defendants. Summons shall not issue on the unknown superintendent until the identity of that party is known.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff Kendell Bowman (a.k.a. Brown), incarcerated at Menard Correctional Center, has filed suit under under 42 U.S.C. § 1983. Plaintiff's declaration, which contains both financial information and a copy of his prison trust fund account statement, serves as his *in forma pauperis* application and is granted. The Court assesses an initial partial filing fee of $20.00. The inmate trust accounts officer at plaintiff's place of confinement is authorized to deduct the initial fee from Plaintiff's account when funds are available, and thereafter collect monthly amounts equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Menard officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

Plaintiff has sued an unknown Cook County Jail superintendent and three jail officers, alleging that on January 17, 2009, while conducting a search, the officers moved him out of his cell and forced him to undergo a strip search in front of other inmates. Plaintiff has stated a colorable claim against Sergeant Collins, Officer Hand, and Officer Stuffen. *See Mays v. Springborn*, 575 F.3d 643, 649-50 (7th Cir. 2009); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004).

The clerk shall issue summonses for service of the complaint through the U.S. Marshal on these defendants. The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employees, officials at the Cook County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the defendants personally

Summonses shall not issue for the unknown superintendent until his or her identity is known. If plaintiff does not identify the superintendent before the expiration of the limitations period may result in the dismissal of the claim against this defendant as untimely. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914

| STATEMENT |
|---|
| (7th Cir. 2000) (amended complaint identifying previously unknown defendant does not relate back to date of the original complaint was filed); *see also Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) (there is a two-year limitations period for § 1983 claims, not counting the time during which administrative remedies were pending).<br><br>     Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for the defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff. |