# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1129 | **DATE** | 6/15/2011 |
| **CASE TITLE** | Bowman vs. Doe | | |

**DOCKET ENTRY TEXT**

The Court denies defendants Collins and Hand's motion to dismiss [# 16] for the reasons stated below and directs defendants to answer the complaint by no later than 6/29/11. The Court also directs plaintiff and defendants to file separate status reports, as described below, by no later than 7/6/11. The case is set for a status hearing on July 19, 2011 at 9:00 a.m., in chambers. Defense counsel is directed to make arrangements for plaintiff to participate by telephone.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Kendall Bowman has filed a *pro se* lawsuit in which he alleges that on January 17, 2009, at the Cook County Jail, he was improperly strip searched in front of other detainees by correctional officer Hand while sergeant Collins stood by and did not intervene. Bowman filed this suit on or about February 17, 2011. Hand and Collins have moved to dismiss Bowman's claim under 42 U.S.C. § 1983 on the ground that it is barred by the two year statute of limitations.

The Court denies defendants' motion; indeed, it borders on the frivolous. It has been settled law in this Circuit for ten years that the statute of limitations in a section 1983 case is tolled while a prisoner completes the administrative grievance process that the Prison Litigation Reform Act requires him to exhaust before filing suit. *See Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Shortly after filing his complaint, Bowman filed a set of exhibits that included the grievances he had submitted and the rulings on those grievance by Jail authorities. *See* dkt. entry 7. These documents reflect that Bowman submitted a grievance dated January 18, 2009; a Jail official acknowledged receiving it on January 28, 2009; a response denying the grievance was given to Bowman on February 5, 2009; Bowman appealed on that same date; and the denial of the appeal was returned to him on March 4, 2009. Thus the statute of limitations was tolled for the period beginning no later than January 28, 2009 (and probably earlier, on January 18) and ending on March 4, 2009. When this five-week period is subtracted from the thirteen-month interval between the incident Bowman challenges and his filing of this suit, it is clear that the suit is timely.

In their motion, defendants did not acknowledge or attempt to distinguish *Johnson* or *Walker*. Rather, they simply ignored those binding decisions. The Court is entitled to expect better from defendants' counsel.

For the reason described above, the Court denies defendants' motion to dismiss and directs them to answer

| STATEMENT |
|---|
| the complaint by no later than June 29, 2010. The Court also directs each side to file, by no later than July 6, 2010, a status report including the following information:<br><br>    1)    Identification of all witnesses that the party may call to prove its claims or defenses;<br><br>    2)    Identification of any documents, or categories of documents, that the party needs from the other side or from third parties, such as the Jail itself, to prove its claims or defenses.<br><br>The case is set for a status hearing on July 19, 2011 at 9:00 a.m., in chambers. Defense counsel is directed to make arrangements for plaintiff to participate by telephone. |